UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-1227-BAT <br><br> **ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Beverly M. seeks review of the portion of the Commissioner's decision finding her not disabled before June 15, 2015, contending benefits should be awarded as of December 1, 2002, the date she alleges she became disabled. Dkt. 13. The Commissioner concedes error in the ALJ's decision but asserts that the Court should reverse the entire decision and remand for further administrative proceedings. Dkt. 20. The Court finds that the errors conceded by the Commissioner can be remedied by further administrative proceedings, and that plaintiff has not established that she is entitled to an award of benefits for the period before June 15, 2015. The Court further finds that the Commissioner's fining of disability as of June 15, 2015 should remain undisturbed. Accordingly, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g), but only as to the period before June 15, 2015.

## DISCUSSION

**A.     Period before June 15, 2015**

The parties agree that the case should be remanded as to the period before June 15, 2015, but disagree over the scope. Plaintiff seeks an award of benefits from her alleged onset date of December 1, 2002. The Commissioner seeks further administrative proceedings for the period beginning on July 21, 2005, the date a prior application was denied.

The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, only in rare circumstances should a court remand a case for benefits. *Treichler v. Colvin* 775 F.3d 1090, 1099 (9th Cir. 2014). Even when the three *Garrison* requirements are met, the court retains the discretion to determine the proper remedy. For instance, the court may remand for further proceedings when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled. *See Burrell v. Colvin* 775 F.3d 1133, 1141 (9th Cir. 2014). If additional proceedings can remedy defects in the original administrative proceedings, the Court should remand a social security case for further proceedings. *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002).

Plaintiff argues that, with respect to the period before June 15, 2015, the ALJ improperly evaluated the medical evidence, plaintiff's testimony, and the lay witness evidence; improperly assessed plaintiff's residual functional capacity; and erred at step five by relying on a job inconsistent with the RFC finding and relying on an obsolete job. Dkt. 7. The Commissioner

concedes error at step five, stating that further proceedings are necessary to ensure that no obsolete jobs are named and that the vocational expert resolves any conflicts with the Dictionary of Occupational Titles. Dkt. 20 at 3. The Commissioner does not concede error in the ALJ's assessment of the medical evidence, plaintiff's testimony, and the lay witness evidence, but asserts that further proceedings on remand, including a de novo hearing, will remedy any ostensible error in these areas. *Id.* The issue thus becomes whether the ALJ erred in evaluating the evidence plaintiff identifies and, if so, whether remand for an award of benefits is the appropriate remedy.

   *1. Medical evidence*

   Plaintiff argues that the ALJ erred in evaluating the medical evidence in general and the opinions of several treating and examining doctors specifically. The ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

   Plaintiff argues that the ALJ erred in evaluation the opinions of Dr. Coren, Dr. Blair, Dr. Crist, Dr. Duckworth, and Dr. Krueger. With respect to all these doctors except for Dr. Crist, plaintiff makes only conclusory assertions about the ALJ's evaluation of these opinions, repeatedly asserting without further explanation that the ALJ erred by "improperly acting as his own medical expert" or that the opinions are consistent with the doctors' findings. Dkt. 13 at 8, 9, 11, 12. The court may deem arguments that are unsupported by explanation to be waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (unpublished opinion) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir.

1996) (party who presents no explanation to support claim of error waives issue)). Plaintiff's conclusory assertions fail to establish error in the ALJ's analysis of these opinions.

Similarly, plaintiff claims that the ALJ erred in evaluating the medical evidence but merely describes the evidence and states that it supports the medical opinions and plaintiff's testimony. Dkt. 13 at 13. This assertion is conclusory and fails to identify an error in the ALJ's assessment of the evidence. The existence of an alternative interpretation of the evidence does not establish error in the ALJ's interpretation. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff has not established that the ALJ's assessment of the evidence is invalid.

With respect to Dr. Crist, plaintiff argues that the ALJ improperly discounted his opinion because Dr. Crist based it too heavily on plaintiff's reporting of pain symptoms. Dkt. 13 at 11. An ALJ may not reject an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Crist did not question plaintiff's complaints and supported his opinion with clinical observations based on his physical and neurological examination. Tr. 363-65. This was not a valid reason to discount the opinion.

Plaintiff has failed to identify errors in the ALJ's assessment of the medical evidence except for Dr. Crist's opinion, instead presenting only conclusory assertions and proposing alternate interpretations. The Court finds that this showing is insufficient to establish the rare circumstances where remand for an award of benefits is appropriate. Rather, the Court concludes that, given the parties' agreement that this case should be remanded and the Commissioner's concession that a new hearing will provide for a de novo review of the evidence, further administrative proceedings can remedy the defects in the decision under review.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

1      *2.     Plaintiff's testimony and lay witness evidence*

2      Plaintiff argues that the ALJ failed to properly evaluate her testimony and the lay witness

3 evidence. Dkt. 13 at 13. She asserts that the errors she alleged in the ALJ's assessment of the

4 medical evidence undermine the ALJ's assessment of this evidence and that the reasons the ALJ

5 gave for discounting her testimony and the lay witness evidence were erroneous or unsupported

6 by substantial evidence. Dkt. 14-20. However, the Court has concluded that remand for further

7 proceedings is the appropriate outcome for this case. The ALJ shall have the opportunity to

8 reevaluate plaintiff's testimony and the lay witness evidence in light of the reassessment of the

9 medical evidence.

10     **B.     Period before July 21, 2005**

11     Plaintiff filed prior applications for benefits in December 2004 and January 2005; these

12 applications were initially denied on July 20, 2005. Tr. 437. The ALJ in the decision at hand

13 found no reasonable basis to reopen these prior applications. *Id.* The ALJ noted that the decision

14 referred to evidence from before July 2005, but stated that those references did not constitute a

15 reopening of the prior applications and were instead needed to establish a history of plaintiff's

16 impairments and to address remote opinions. *Id.*

17     Plaintiff does not assign error to the ALJ's determination not to reopen these prior

18 applications, but states in a footnote that if the case is remanded for a new hearing the ALJ

19 should reconsider her request to reopen them. Dkt. 13 at 2 n.1. The Court declines to direct the

20 ALJ to reconsider the reopening of these prior applications. However, the ALJ may reconsider

21 plaintiff's request to reopen these claims as the ALJ deems appropriate.

22     The Commissioner argues that because the opinions from Dr. Coren, Dr. Blair, and Dr.

23 Crist predate July 2005, the doctrine of res judicata precludes these opinions from altering the

outcome of this case. Dkt. 20 at 3-4. This assertion is an improper post hoc rationalization and is in fact contrary to the findings of the ALJ, who determined that consideration of the evidence from before July 2005 was necessary to establish a history of plaintiff's impairments. Tr. 437. The Court finds that the ALJ properly considered the evidence from before July 2005 as part of the review of the record as a whole.

### C. Period after June 15, 2015

In a twist on the usual arguments presented in Social Security disability appeals, the Commissioner argues that the ALJ erroneously found that plaintiff became disabled on June 15, 2015. Dkt. 20 at 2. Specifically, the Commissioner asserts that the ALJ improperly found that plaintiff met a listing as of that date and that this conclusion is unsupported by the evidence in the record. *Id.* The Commissioner asks the Court to remand the case with instructions to reassess the finding of disability as of June 15, 2015. *Id.* at 7.

In other words, the Commissioner seeks to appeal in this Court his own final decision that plaintiff is disabled as of June 15, 2015. The Court rejects the argument. This matter is before the Court pursuant to 42 U.S.C. § 405(g). Apart from the absurdity of the Commissioner requesting the Court to reverse his own final decision, it is clear only the claimant can obtain judicial review under § 405(g), which states: "Any individual, after any final decision of the Commissioner of Social Security . . . may obtain review of such decision by a civil action . . . ." *Id*.

Moreover, if the Commissioner wished to reverse the ALJ, he had the opportunity to do so before the ALJ's decision became the Commissioner's final decision. The Appeals Council may sua sponte review an ALJ's decision within sixty days of the decision. *See* 20 C.F.R. § 404.969(a) ("Any time within 60 days after the date of a decision or dismissal that is subject to review under this section, the Appeals Council may decide on its own motion to review the

action that was taken in your case."); *Id.* § 404.984(c) ("Any time within 60 days after the date of the decision of the administrative law judge [in a case remand from a Federal court], the Appeals Council may decide to assume jurisdiction of your case even though no written exceptions have been filed."). Once the Appeals Council decides not to review the ALJ's decision, that decision becomes binding and constitutes a final decision for purposes of 42 U.S.C. § 405(g). *See* 20 C.F.R. §§ 404.981, 404.984(d). Hence, the Commissioner had the unconstrained opportunity to overturn the ALJ's determination at the agency level but failed to seize it.

The law requires parties to do things in the right way and at the right time. The Commissioner's attempt to reverse his own final decision violates both of these requirements. The ALJ, the Appeals Council, and the Commissioner are all one entity under the Social Security Administration. The ALJ found the claimant disabled as of June 2015. The Appeals Council, on the agency's behalf, made the ALJ's decision the Commissioner's final decision by not overturning it. If the Commissioner wished to reach the decision it now seeks in this Court and reverse the partially favorable determination, he could have done so at any time before he made the ALJ's decision the final decision. As he failed to do so, the Court rejects the Commissioner's request to this Court to overturn the ALJ's finding of partial disability and remand the disability finding for further proceedings. The Court accordingly affirms the portion of the ALJ's final decision finding plaintiff is disabled as of June 15, 2015, and directs that it be left undisturbed on remand.

## CONCLUSION

In conclusion, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical evidence, plaintiff's testimony, and

the lay witness evidence. The ALJ shall reassess plaintiff's residual functional capacity and redo the five-step disability evaluation process with respect to the period before June 15, 2015. The ALJ shall obtain the testimony of a vocational expert and shall ensure that the hypothetical questions posed to the VE accurately reflect plaintiff's limitations as set forth in the RFC, and shall ensure that the VE does not name jobs that are obsolete and that the VE explains or resolves any conflicts between the VE testimony and the DOT. The ALJ shall develop the record as the ALJ deems necessary and appropriate to issue a new decision with respect to the period before June 15, 2015.

The Court orders that the ALJ's partially favorable determination that plaintiff is disabled as of June 15, 2015, be undisturbed on remand.

DATED this 7th day of August, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8